UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03-cr-127-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| KENNEDY ELLIOTT BARKLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Kennedy Elliott Barkley's pro se Motion for Reduced Sentence Pursuant to First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). (Doc. No. 222). The Government has filed a response in support of the motion. For the following reasons, the Court grants Defendant's motion.

## I. BACKGROUND

In February 2003, police seized seven ounces of crack cocaine, more than $23,500 in cash, and three firearms in a rental home and residence of Defendant's. (Presentence Report (PSR) ¶¶ 7–10). Defendant later admitted that he had recently purchased 18 ounces of cocaine that he cooked into crack and that he had bought between 10 and 12 kilograms of cocaine from two sources in the previous year or so. (Id. ¶¶ 11–12). Defendant stated that he bought kilogram-quantities of cocaine between 1997 and 2001, and others reported that Defendant had sold powder and crack cocaine and heroin. (Id. ¶¶ 13–14).

A federal grand jury indicted Defendant and charged him with conspiring to possess with intent to distribute at least 50 grams of crack cocaine, 5 kilograms of powder cocaine, and 100 grams of heroin, 21 U.S.C. § 846; possessing with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. § 841(a)(1); and possessing a firearm as a convicted felon, 18 U.S.C. §

1

922(g)(1). (Doc. No. 1). The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) because Defendant had previously been convicted of at least three felony drug offenses, including a prior federal conviction for conspiracy to distribute cocaine. (Doc. No. 5). Defendant entered into a plea agreement with the United States and pleaded guilty to the drug-trafficking-conspiracy offense. (Doc. No. 38 ¶ 1). The parties agreed that between 5 and 15 kilograms of powder cocaine and between 150 and 500 grams of crack cocaine were reasonably foreseeable to Defendant. (Id. ¶ 7(a)).

Classifying Defendant's offense of conviction as a "controlled substance offense," the probation officer found that Defendant was a career offender, subject to a Guidelines range of between 262 and 327 months in prison based on a total offense level of 34 and a criminal history category of VI. (PSR ¶ 82). Without the career-offender classification, Defendant's criminal history would have placed him into criminal history category III. (Id. ¶ 44). Defendant faced a statutory maximum term of life in prison. (PSR ¶ 81). This Court sentenced Defendant to 140 months in prison, to be followed by 10 years of supervised release. (Doc. No. 100 at 2–3). In December 2014, this Court reduced Defendant's custodial sentence to time served based on retroactive Sentencing Guidelines amendments. (Doc. No. 195).

Defendant's supervised release commenced in December 2014. (Doc. No. 212 at 1). In December 2020, this Court's probation office filed a petition seeking the revocation of Defendant's supervised release. (Doc. No. 212). The probation office alleged that during 2019 and 2020, Defendant violated supervised release conditions related to drug use and drug testing and committed a new offense of possessing with intent to distribute more than 11 grams of fentanyl. (Doc. No. 212 at 2–3). The probation office found that the alleged violation related to
2

922(g)(1). (Doc. No. 1). The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) because Defendant had previously been convicted of at least three felony drug offenses, including a prior federal conviction for conspiracy to distribute cocaine. (Doc. No. 5). Defendant entered into a plea agreement with the United States and pleaded guilty to the drug-trafficking-conspiracy offense. (Doc. No. 38 ¶ 1). The parties agreed that between 5 and 15 kilograms of powder cocaine and between 150 and 500 grams of crack cocaine were reasonably foreseeable to Defendant. (Id. ¶ 7(a)).

Classifying Defendant's offense of conviction as a "controlled substance offense," the probation officer found that Defendant was a career offender, subject to a Guidelines range of between 262 and 327 months in prison based on a total offense level of 34 and a criminal history category of VI. (PSR ¶ 82). Without the career-offender classification, Defendant's criminal history would have placed him into criminal history category III. (Id. ¶ 44). Defendant faced a statutory maximum term of life in prison. (PSR ¶ 81). This Court sentenced Defendant to 140 months in prison, to be followed by 10 years of supervised release. (Doc. No. 100 at 2–3). In December 2014, this Court reduced Defendant's custodial sentence to time served based on retroactive Sentencing Guidelines amendments. (Doc. No. 195).

Defendant's supervised release commenced in December 2014. (Doc. No. 212 at 1). In December 2020, this Court's probation office filed a petition seeking the revocation of Defendant's supervised release. (Doc. No. 212). The probation office alleged that during 2019 and 2020, Defendant violated supervised release conditions related to drug use and drug testing and committed a new offense of possessing with intent to distribute more than 11 grams of fentanyl. (Doc. No. 212 at 2–3). The probation office found that the alleged violation related to

Defendant's new offense was a Grade A violation and that the Sentencing Guidelines policy statement, U.S.S.G. § 7B1.4(a), recommended a sentence of between 51 and 60 months in prison, as limited by the five-year statutory maximum, based on Defendant's criminal history category of VI and because the "the original offense was a Class A felony." (Doc. No. 212 at 6; U.S.S.G. § 7B1.4(a)).

In May 2021, this Court revoked Defendant's supervised release and sentenced him to 51 months in prison, at the bottom of the range advised by the Sentencing Guidelines. (Doc. No. 221). Defendant now asks this Court to reduce his sentence under the First Step Act.

## II.     DISCUSSION

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Defendant was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019) (holding that any defendant who is serving a sentence "for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) — both of which were modified by Section 2 of the Fair Sentencing Act," 124 Stat. at 2372 — is eligible to "seek a sentence reduction under the First Step Act"); United States v. Gravatt, 953 F.3d 258, 263–64 (4th Cir. 2020) (holding that a defendant convicted of a conspiracy involving the distribution of a quantity of crack cocaine, the penalties for which were modified by the Fair Sentencing Act, and a quantity of powder cocaine that supported the same mandatory minimum was convicted of a "covered offense" under the First Step Act). And the Fourth Circuit held in United States v. Venable that a district court has authority under the First Step Act to reduce the sentence of a

3

defendant who is serving "a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense.'" 943 F.3d 187, 194 (4th Cir. 2019).

Here, Defendant was convicted of an offense—conspiracy to possess with intent to distribute at least 50 grams of crack cocaine—the penalties of which were reduced by the Fair Sentencing Act. If the First Step Act were in effect when Defendant committed his offense, the statutory range that would have applied to Defendant's offense would not have changed. Based on his responsibility for at least 5 kilograms of powder cocaine, he would have been subject to a statutory-maximum term of life in prison, and his offense would still have been classified as a Class A felony. See 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3559(a)(1).

In United States v. Chambers, however, the Fourth Circuit held that when determining whether and to what extent to reduce a defendant's sentence under the First Step Act, the district court must recalculate the range advised by the Sentencing Guidelines for the defendant's crack-related offense as if the Fair Sentencing Act were in effect at the time the defendant committed his offense and apply any other retroactive intervening case law, such as United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). 956 F.3d 667, 668 (4th Cir. 2020). The Fourth Circuit extended the rule in Chambers to include non-retroactive intervening case law in United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021). Applying this rule, this Court must recalculate the range advised by the Sentencing Guidelines as if Defendant had not been classified as a career offender when he was originally sentenced. In United States v. Norman, this Court held that a drug-trafficking conspiracy proscribed by 21 U.S.C. § 846 is not a "controlled substance offense" under the career offender guideline. 935 F.3d 232, 237 (4th Cir. 2019). Without that classification, Defendant's criminal history category would have been reduced to a category III. (PSR ¶ 44; Doc. No. 222 at 3). Under Sentencing Guidelines §

4

Case 3:03-cr-00127-MOC    Document 228    Filed 09/06/22    Page 4 of 5

7B1.4(a)(2), for a defendant who violates the conditions of his supervised release, whose original offense was a Class A felony, and whose criminal history category at the time he was sentenced was III, the Guidelines advise a sentence of between 30 and 37 months in prison. U.S.S.G. § 7B1.4(a)(2); see Doc. No. 222 at 3.

This Court sentenced Defendant at the bottom of the range advised by the Guidelines. It is likely that had the policy statements suggested a range of 30 to 37 months, this Court would have sentenced Defendant to a sentence of no greater than 30 months for the violation of the conditions of his supervised release. For this reason, the Court will exercise its discretion and reduce Defendant's revocation sentence to 30 months in prison.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to First Step Act, (Doc. No. 222), is **GRANTED**, and the Court reduces Defendant's sentence to 30 months in prison.

The Clerk is therefore respectfully instructed to enter an Amended Judgment reducing Defendant's sentence to 30 months in prison.

Signed: September 5, 2022

Max O. Cogburn Jr
United States District Judge